UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MALIK MUHAMMAD ALI, a/k/a** | **:** | **DOCKET NO. 2:10-cv-1636** |
| **CEDRIC/CEDRICK L. FULLER** | | |
| **#540519** | **:** | |
| | | **JUDGE MINALDI** |
| **VERSUS** | | |
| | **:** | |
| **LOUISIANA DEPARTMENT OF** | | |
| **CORRECTIONS, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a *pro se* civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on October 15, 2010 by Malik Muhammad Ali a/k/a Cedric/Cedrick L. Fuller. Doc. 1. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). At the time that he filed the complaint, he was incarcerated at C. Paul Phelps Correctional Center (CPP), DeQuincy, Louisiana; however, he was subsequently transferred to the East Baton Rouge Parish Work Release Program, Baton Rouge, Louisiana.

Plaintiff names the following as defendants herein: the Louisiana Department of Public Safety and Corrections; DOC Director James M. Leblanc; DOC Legal Liaison Linda Ramsey; CPP Major Davis; and CPP Classification Director Mrs. K. Wellman.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

## STATEMENT OF THE CASE

Plaintiff advances one claim in this matter – that despite having his name legally changed in 1994, the DOC will not allow him to use his legal name. Doc. 1, p. 3. He states that all of his identification is in his legal name except his DOC I.D. and files. *Id*. He states that an officer told him that he would be put in the blocks if he used his legal name. *Id*. As relief, plaintiff asks to have his legal name placed on his DOC I.D. and on all DOC documents. Doc. 1, p. 4.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### II. 42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.  In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

### III.  Injunctive Relief

As previously stated, plaintiff has been transferred from CPP to a work release program.  Therefore, his request for injunctive relief (specifically, to have all of his DOC documents changed to reflect his legal name) is moot.  The law is clear that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot.  *Weinstein v. Bradford*, 423 U.S. 147 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).  In order for plaintiff's claims to remain viable, he would have to establish that the possibility of returning to CPP would make his claims capable of repetition yet evading review.  *See Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975).  Plaintiff  must show either a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at CPP.  *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).  At its most lenient, the standard is not "mathematically precise" and requires that plaintiff show a

"reasonable likelihood" of repetition. *Honig v. Doe*, 484 U.S. 305, 318-19 (1988). Even under the most permissive interpretation, plaintiff's complaint does not, and cannot, meet that standard. Simply put, plaintiff has been transferred from the custody of CPP and his request for injunctive relief is moot. *See Herman v. Holiday*, 238 F.3d 660 (5th Cir.2001) (even if plaintiff had established an Eighth Amendment violation, his transfer from the offending institution rendered his claims for declaratory and injunctive relief moot) (citing *Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991)); *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987)).

## IV. Parties

Even if plaintiff had a sustainable claim, several of the parties named by plaintiff would be subject to dismissal. More specifically, his claims against the LDOC are insufficient. The Eleventh Amendment[1] to the United States Constitution bars private individuals from suing states in federal court, unless Congress has abrogated the state's immunity or the state has waived its immunity. *Ussrey v. State of Louisiana*, 150 F.3d 431, 435 (5th Cir. 1998). Eleventh Amendment immunity applies to the state itself, as well as its agencies and departments. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185 (5th Cir.1986). The Department of Corrections is an agency of the State of Louisiana. Thus, the plaintiffs' claims are barred unless Congress has validly abrogated the state's immunity or the state has waived its immunity. Congress has not abrogated sovereign immunity of the states for claims under 42 U.S.C. § 1983 or for other civil rights claims. *Id*. (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). The State of Louisiana has not waived its immunity for suits brought in federal courts. The Louisiana

---

[1] The Eleventh Amendment to the United States Constitution provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

legislature has expressed that "no suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." La. Rev. Stat. Ann. § 13:5106(A); *see also Richard v. Southern Univ.*, 118 F.3d 450, 453 (5th Cir. 1997). Finally, the Fifth Circuit Court of Appeals has held that the Louisiana Department of Public Safety and Corrections is entitled to Eleventh Amendment immunity. *Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312, 313-14 (5th Cir. 1999).

Also, to the extent that plaintiff names any defendant in a supervisory capacity, it is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993); *Jennings v. Joshua Indep. Sch. Dist.*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935 (1990). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Plaintiff has named James LeBlanc, Linda Ramsey, Major Davis, and Mrs. K. Wellman as defendants but has not shown personal involvement in the act causing the alleged constitutional deprivation nor has he shown that the defendants implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.

### *Conclusion and Recommendation*

Based on the foregoing, **IT IS RECOMMENDED THAT** plaintiff's complaint be **DISMISSED WITH PREJUDICE** as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n*, **79 F.3d 1415 (5th Cir.1996)**.

THUS DONE this 5th day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE